# Exhibit A

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> COUNTY OF Richland ) <br> ) <br> Rodney F. Stirewalt, Plaintiff(s) ) <br> ) <br> vs. ) <br> ) <br> Norfolk Southern Corporation and ) <br> Norfolk Southern Railway Company Defendant(s) ) | IN THE COURT OF COMMON PLEAS <br><br> CIVIL ACTION COVERSHEET <br><br> ____-CP-__-____ <br> 2008CP400 0028 |

(Please Print)
Submitted By: John K. Koon
Address: 2016 Gadsden Street
Columbia SC 29201

SC Bar #: 3600
Telephone #: 803-256-4082
Fax #: 803-254-0658
Other: N/A
E-mail: Jkoon@koonandcook.com

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete*

☐ JURY TRIAL demanded in complaint.    ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

### NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | ☐ Notice/ File Med Mal (230) | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | ☐ Other (299) | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | | ☒ Personal Injury (350) | ☐ Possession (450) |
| | | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Sexual Predator (510) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Mandamus (520) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Habeas Corpus (530) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| ☐ Other (599) | ☐ Transcript Judgment (740) | ☐ Forfeiture (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Other (899) | ☐ SCDOT (950) |
| | ☐ Other (799) | | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Administrative Law Judge (980) |

| Special/Complex /Other | | |
|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Public Service Commission (990) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Employment Security Comm (991) |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | ☐ Other (999) |
| ☐ Other (699) | | |

Submitting Party Signature: _John K. Koon_    Date: 12/28/07

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (08/06)                                                                                              Page 1 of 2

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND ) | FOR THE FIFTH JUDICIAL CIRCUIT |
| ) | |
| Rodney F. Stirewalt, ) | CIVIL ACTION NO: _____ |
| ) | Received via Fed Ex |
| Plaintiff, ) | to Roger A. Petersen |
| ) | Rog A Petersen  1-14-08 |
| v. ) | SUMMONS |
| ) | (Jury Trial) |
| Norfolk Southern Corporation and ) | |
| Norfolk Southern Railway Company, ) | |
| ) | |
| Defendants. ) | |

**TO THE DEFENDANTS NAMED HEREIN:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your Answer to the said Complaint on the subscriber at his office, listed below, within thirty (30) days after the service thereof, exclusive of the date of such service, and if you fail to answer, appear or defend, judgment by default will be rendered against you for the relief demanded in this Complaint.

BY: _____

John K. Koon
KOON AND COOK, P.A.
2016 Gadsden Street
Columbia, SC 29201
Phone (803) 256-4082
Facsimile (803) 254-0658

Randy E. Appleton
HAJEK, SHAPIRO, COOPER, LEWIS, & APPLETON, P.C.
1294 Diamond Springs Road
Virginia Beach, VA 23455
Phone (757) 460-7776
Facsimile (757) 460-3428

ATTORNEYS FOR THE PLAINTIFF

Columbia, South Carolina
January 2, 2008

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND ) | |
| ) | |
| Rodney F. Stirewalt, ) | CIVIL ACTION NO: _____ |
| ) | Received via Fed Ex |
| Plaintiff, ) | to Roger A. Petersen |
| ) | |
| v. ) | COMPLAINT |
| ) | (Jury Trial) |
| Norfolk Southern Corporation and ) | |
| Norfolk Southern Railway Company, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, complaining of Defendants, allege as follows:

## PARTIES TO THE ACTION

1. Plaintiff is a citizen and resident of the County of Aiken, State of South Carolina.

2. Defendant Norfolk Southern Corporation (NSC) is, upon information and belief, a corporation organized and existing under the laws of the State of Virginia but which owns real and personal property in South Carolina and which regularly conducts business in the State of South Carolina. NSC owns or has an interest in Defendant Norfolk Southern Railway Company (NSRC) and is liable for the actions or omissions of NSRC and its employees.

3. Defendant NSRC is, upon information and belief, a wholly-owned subsidiary of NSC, organized and existing under the laws of the State of Virginia, but which owns real and personal property in South Carolina and which regularly conducts business in the State of South Carolina.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action and over the person of the Defendants.

5. Defendants NSC and NSRC own real and personal property in South Carolina.

6. Venue and jurisdiction are proper in this Court.

## FACTUAL ALLEGATIONS

7. NSRC is one of the nation's largest rail carriers and owns or operates more than 21,000 miles of railroad track in twenty-two states.

8. NSRC transports a wide variety of products on its rail systems, including, but not limited to, dangerous, toxic chemicals such as chlorine.

9. On or about January 5, 2005, employees, agents, and servants (collectively the "local crew") were operating a train (hereinafter "local train") and its contents within Aiken County, South Carolina. Among the duties of the local train crew that day was the delivery of materials to an Avondale Mills textile facility located in Graniteville, South Carolina. The main railroad line running from Augusta, Georgia to Columbia, South Carolina is known as the R Line and the Avondale Mills facility is located along this line. To deliver the materials, the local crew had to open a rail switch ("Avondale switch") from the main line to an industry track that runs into the Avondale Mills facilities. After opening the switch, the local train proceeded into the Avondale Mills facilities via the industry spur to perform its work.

10. The local crew stopped work at Avondale Mills on January 5, 2005, at 7:00 P.M. Upon doing so they left their engine and two train cars on the industry spur, got into a waiting taxi and left the Avondale Mills facilities without realigning the Avondale switch to the main line. The local crew returned to the Aiken depot to do additional work and at or near 7:53 P.M., cleared the track for use by later trains. In clearing the track without ensuring that the Avondale switch was properly lined, the local crew violated several NSRC operating rules.

11. At or near 2:39 a.m. on January 6, 2005, while the local train was still parked on the industry spur at Avondale Mills, Norfolk Southern Train No. 192 ("through train"), which included several cars containing hazardous materials, including liquid chlorine, approached Graniteville on the main line at approximately 48 miles per hour. The fast-moving through train was to travel between Augusta and Columbia along the R-Line.

12. The Avondale switch remained misaligned for main line travel. Upon encountering the misaligned switch at the Avondale Mills facility in Graniteville, the fast-moving through train was suddenly and violently diverted from the main line onto the industry spur where it collided with the parked local train.

13. Numerous cars from the through train derailed and, as a result, at least one tank car containing chlorine gas was ruptured. The liquid chlorine converted to chlorine gas which escaped from the tank car for days forming a toxic and deadly chlorine gas cloud that spread through the surrounding area.

14. Defendants were responsible for this derailment and the subsequent chlorine gas leak.

15. NSRC had no safeguards, operating rules or warning devices, or inadequate safeguards, operating rules or warning devices to alert the fast-moving through train that the Avondale switch was misaligned in time for the through train to avert the disaster.

16. Thousands of people were evacuated from their homes and businesses and could not return for days.

17. The Plaintiff was injured after being exposed to dangerous chemicals, in particular, chlorine gases.

18. At all times relevant to this action, NSRC or NSC owned the R Line, and operated or controlled the trains and equipment on it, including the local train and the through train.

### FIRST CAUSE OF ACTION
### Negligence and Recklessness

19. Plaintiff re-alleges and incorporates by reference herein each and every allegation contained in the paragraphs above.

20. At all relevant times, NSC or NSRC employed the local crew who were acting within the course and scope of their employment. NSC and NSRC are vicariously liable for all acts of negligence

and recklessness of the local crew as set forth throughout this Complaint, as well as for their own acts of negligence and recklessness.

21. Defendants NSC and NSRC and all employees, agents, and servants had a duty to conduct themselves and their operation of trains in a safe, non-reckless manner, to operate and maintain track, switches and locomotives, and to appropriately manage personnel, implement appropriate safeguards or warning devices, implement appropriate operating rules and take all reasonable actions so as to prevent derailments that would endanger the communities through which NSRC's trains pass.

22. The derailment and chlorine spill and the resulting damages to Plaintiff were the direct and proximate result of the negligent and reckless acts of Defendants, including but not limited to one or more of the following, to wit:

    a. Failing to properly realign the Avondale switch so that the through train would not be diverted onto the industrial spur from the main line;

    b. Failing to implement and utilize adequate safeguards to prevent the known danger of derailments or damages resulting from misaligned switches due to human error;

    c. Failing to install and utilize adequate, reasonable, and necessary devices sufficient to warn the through train of the misaligned Avondale switch in time for it to avoid the derailment;

    d. Failing to install and utilize adequate, reasonable and necessary devices to warn the local crew that the Avondale switch was misaligned;

    e. NSC and NSRC failed to provide employees and agents with the training, methods and knowledge as to reasonably safe and sufficient safety measures, devices and warnings in the operation of their trains, rail lines and switching devices;

    f. Violating hours of service restrictions; conducting operations with an outlawed crew in violation of the hours of service restrictions; failing to monitor and ensure compliance with hours of service restrictions; failing to train employees such that they understood hours of service restrictions and allowing employees to routinely violate hours of service restrictions;

    g. Negligently staffing the local train with a crew which was fatigued and distracted and rushing that crew to complete work, thereby causing them to fail to properly line the Avondale switch;

h. Failing to exercise reasonable care in the hiring, training, testing, supervision and retention of agents and employees in general;

i. Operating the fast-moving through train at an unsafe speed without adequate safeguards and without adequate warning devices in light of the combination of track conditions at the site requiring remedial action to reduce or eliminate hazardous conditions and provide for safe operations over the track;

j. Failing to furnish the crew of the local train with reasonably competent management;

k. Failing to operate its trains and the Avondale switch in a reasonable and safe manner;

l. Failing to comply with or ensure compliance with railroad operating rules and practices;

m. Failing to implement adequate rules or procedures to reduce the likelihood of a misaligned switch;

n. Failing to conform to applicable laws and regulations governing railroad safety;

o. Failing to conform to a reasonable standard of conduct under all of the circumstances;

p. Violating section 48-1-110(e) of the South Carolina Code by negligently and recklessly discharging chlorine gas into the ambient air causing an undesirable level of pollution; and

q. Such other and further particulars as may be found during discovery.

23. As a direct, foreseeable and proximate result of the negligent, grossly negligent, willful, wanton and reckless acts of Defendants, Plaintiff suffered and continues to suffer physical and mental injury, pain and illness.

24. As a direct, foreseeable and proximate result of the negligent, grossly negligent, willful, wanton and reckless acts of Defendants, Plaintiff suffered property damage, consequential damages, a loss of wages and/or other income.

25. Plaintiff is informed and believes that he is entitled to a judgment against the Defendants jointly and severally, for an award of actual damages in an amount to be determined by the trier of fact,

for costs associated with bringing this action, and for any additional relief this Court deems just and proper.

## SECOND CAUSE OF ACTION
### Nuisance

26. Plaintiff re-alleges and incorporates by reference herein each and every allegation contained in the paragraphs above.

27. On the date of the accident, Defendants used their property in a manner which was unreasonable.

28. Plaintiff lived and / or worked near the site of the chlorine spill on the date of the accident. As a result of the accident, Plaintiff was forced to vacate his home and was denied the use and enjoyment of their property.

29. The acts, omissions, and use of the Defendants' property polluted the atmosphere with offensive gases, stenches, or vapors, so as to cause material discomfort, annoyance, and injury to the Plaintiff and his property.

30. Plaintiff suffered a loss of income due to the evacuation of the area surrounding the accident.

31. The actions and omissions of the Defendants were the natural and proximate cause of the injuries, property damage, and / or other consequential damages suffered by the Plaintiffs.

32. Plaintiff is informed and believes that he is entitled to a judgment against the Defendants jointly and severally, for an award of actual damages in an amount to be determined by the trier of fact, for costs associated with bringing this action, and for any additional relief this Court deems just and proper.

## JURY TRIAL DEMAND

33. Plaintiff hereby demands a trial by Jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the defendants, jointly and severally, for:

1. A trial by jury on all issues allowed by law;

2. A judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for actual and punitive damages as determined by a jury;

3. The costs of this action; and

4. For such other and further relief as this Court may deem just and proper.

Respectfully submitted,

BY: _____
John K. Koon
KOON AND COOK, P.A.
2016 Gadsden Street
Columbia, SC 29201
Phone (803) 256-4082
Facsimile (803) 254-0658

Randy E. Appleton
HAJEK, SHAPIRO, COOPER, LEWIS, & APPLETON, P.C.
1294 Diamond Springs Road
Virginia Beach, VA 23455
Phone (757) 460-7776
Facsimile (757) 460-3428

ATTORNEYS FOR THE PLAINTIFF

Columbia, South Carolina
January 2, 2008